Whaley, Judge,
delivered the opinion of the court:
The plaintiff was assigned to active service as a reserve nurse in the Army Nurse Corps of the Military Establishment on May 17, 1918, and entered upon her duties after taking the oath on May 25, 1918. She served continuously in that grade until April 28, 1931, when she was ordered to appear before a retiring board of the Army. The board *285 found, her incapacitated for active service and found also that her incapacity was contracted in the line of duty and her condition permanent. She was recommended for retirement by the board and this recommendation was concurred in by the Surgeon General. The Secretary of War approved the findings of the board and on August 29,1931, the Chief of Staff issued the following order:
“ 10. Second Lieutenant Edith C. Thorsen, reserve nurse, Army Nurse Corps, having been found by a retiring board incapacitated for active service on account of disability incident thereto, and such finding having been approved by the Secretary of War, the retirement of Second Lieutenant Thorsen from active service on August 31, 1931, under the provisions of the act of Congress approved April 23, 1930, is announced.”
At the time of retirement the plaintiff had to her credit 13 years 3 months and 6 days’ continuous service as a reserve nurse in the Army Nurse Corps and was receiving the pay of a nurse who had nine or more years’ service. She was receiving $1,560 a year. The plaintiff has not received any retired pay. When the matter came before the Comptroller General he ruled that there was no statutory authority for the payment of retired pay to reserve nurses of the Army Nurse Corps when not on active duty.
The facts in the case are not in dispute and only the legal question is involved.
Prior to 1901 female nurses were employed in the Army as civilian employees. Act of March 16, 1802, sec. 5, 2 Stat. 132,133. In 1902 an act was passed to increase the efficiency of the permanent Military Establishment of the United States, 31 Stat. 753, and by section 19 the Nurse Corps (female) of the Medical Department of the Army was created in the following provision:
“ Sec. 19. That the Nurse Corps (female) shall consist of one Superintendent, to be appointed by the Secretary of War, who shall be a graduate of a hospital training school having a course of instruction of not less than two years, whose term of office may be terminated at his discretion, whose compensation shall be $1,800 per annum, and of as many chief nurses, nurses, and reserve worses as may be needed. Reserve nurses may he assigned to active duty when *286 the emergency of the service demands, but shall receive no compensation except when on such duty: Provided, That cdl nurses in the Nurse Corps shall be appointed or removed by the Surgeon General, with the approval of the Secretary of War; that they shall be graduates of hospital training schools, and shall have passed a satisfactory professional, moral, mental, and physical examination: And provided, That the Superintendent and nurses shall receive transportation and necessary expenses when traveling under orders; that the pay and allowances of nurses, and of reserve morses, when on active service, shall be $40 per month when on duty in the United States and $50 per month when without the limits of the United States. They shall be entitled to quarters, subsistence, and medical attendance during illness, and they may be granted leaves of absence for 30 days, with pay, for each calendar year; and, when serving as chief nurses, their pay may be increased by authority of the Secretary of War; such increase not to exceed $25 per month. Payments to the Nurse Corps shall be made by the Pay Department.” [Italics ours.]
It is apparent from this section of the act that the term “ reserve nurse ” is a class in the Nurse Corps and all the qualifications of a nurse are required of a reserve nurse on active duty, the sole difference being that no compensation is made to a reserve nurse unless on active duty. The appointment of “ all nurses ” is inclusive of nurses and reserve nurses and the same compensation is provided for both, the same allowances and leaves of absence. The Nurse Corps is made up of a Superintendent and as many chief nurses, nurses, and reserve nurses, as may be needed. Each is a class of its own but all of the classes combined make the Nurse Corps. Nurses and reserve nurses receive the same compensation when on active service and are on an equality of duties.
By the act of July 9, 1918, 40 Stat. 845, 879, 880, making appropriations for the Army, the Nurse Corps (female) of the Medical Department of the Army was constituted the Army Nurse Corps and added to classes or grades in the corps. Chapter Y provides:
“Army Nurse Corps: That the Nurse Corps (female) of the Medical Department of the Army shall hereafter be known as the “Army Nurse Corps ”, and shall consist of one *287 superintendent, who shall be a graduate of a hospital-training school having a course of instruction of not less than two years; of as many chief nurses, nurses, and reserve mwrses as may from time to time be needed and prescribed or ordered by the Secretary of War, and, in the discretion of the Secretary of War, of not exceeding six assistant superintendents, and, for each army or separate military force beyond the continental limits of the United States, one director and not exceeding two assistant directors of nursing service, all of whom shall be graduates of hospital-training schools and shall have passed such professional, moral, mental, and physical examination as shall be prescribed by the Secretary of War.” [Italics ours.]
By section 3 the Secretary of War is given the right to appoint and remove the Superintendent, and the Surgeon General, the power to appoint and remove all other members of the corps with the exception that assistant superintendents, directors, and assistant directors and chief nurses shall be promoted from the ranks of the corps and “ shall, upon being relieved from duty as such, unless removed for incompetency or misconduct, revert to the grades in the corps from which they were promoted.” [Italics ours.]
Section 4 makes provision for the pay of members of the Corps and provides “ reserve nurses, when upon active duty, will receive the same pay as nurses who have served in the Corps for periods corresponding to th,e full period of their active service.”
In May 1926 there was enacted “An act to provide retirement for the Nurse Corps of the Army and Navy ”, 44 Stat. 531, 532, which provided a member of the Army Nurse Corps or the Navy Nurse Corps having served 30 years, or having reached the age of 50 years and having served 20 years, could be retired from active service by the Secretary of the respective departments and placed on the “ Nurse Corps retired list” in the grade to which she belonged at the time of her retirement.
In June 1930 there was passed “An act to provide for the retirement of disabled nurses of the Army and the Navy ”, 46 Stat. 190, which provided:
“That pursuant to regulations to be prescribed by the Secretary of War or the Secretary of the Navy, as the case *288 may be, when a member of the Army Nurse Corps or of the Navy Nurse Corps shall be found by a board of medical officers to have become disabled in line of duty from performing the duties of a nurse, and such findings are approved by the head of the department concerned, she shall be retired from active service and placed upon the Nurse Corps retired list of the appropriate department in the grade ta vildah she belonged at the time of her retirement and with retired pay at the rate of 75 per centum of the aetiverservice pay received by her at the time of her transfer to the retired list” [Italics ours.]
The Army regulations 40-20 specifically state that a reserve nurse is a constituent member of the Army Nurse Corps and entitled to the same rank and pay as other nurses. It must be borne in mind and it is apparent from the wording of the two acts which create the “ Nurse Corps ” and “Army Nurse Corps ” that the word “ reserve ” is not used to designate a body of eligible nurses from which nurses are drawn for service in the Army but as the nomenclature of a grade or class in the Corps. When a nurse is needed by the Surgeon General the selection is made from an accredited list of nurses of the Red Cross or other eligible registered nurses. She is required to measure up to the standard prescribed by the regulations in mental, moral, physical, and professional requirements. When she has passed all these requirements, she is then assigned to the Army Nurse Corps and given the grade of reserve nurse, and as such she only receives pay on active service. When her active service ceases she is no longer a reserve nurse but goes back to the list of eligible nurses.
Plaintiff was not a reserve nurse before she entered the service, she was only on the eligible list from which the Surgeon General could select. Upon passing the tests and taking the oath of office she became a nurse within the grade of “ reserve ” in the Army Nurse Corps. When she was retired for disability in line of duty she was on active service in the Army Nurse Corps, and, upon retirement, did not cease to be a member of that corps. The act distinctly provides that she shall be transferred from the active list, on which she was serving at that time, to the retired list. There *289 is no severance from the service of the Army Nurse Corps by a transfer from the active to the retired lists. She still remains a member of the Army Nurse Corps and receives “ retired pay at the rate of 75 per centum of the active service pay received by her at the time of her transfer to the retired list.”
.The legislative history of the Nurse Corps Act, the Army Nurse Corps Act, the first Retirement Act for Female Nurses of the Army and Navy and the act of June 30,1980, does not disclose any intention of Congress to exclude reserve nurses as members of the corps. On the contrary, the total failure to mention that class as being outside the provisions would be, through this silence, an acceptance of the interpretation placed on this grade of nurse by the regulations of the Army and the unbroken administration of the acts including that grade of nurse within the membership of the corps. It is true that there is nothing in the reports and hearings on these acts which clearly shows the intent of Congress to include them, but it can be equally forcibly stated that there is totally lacking any evidence of an intention of Congress to exclude them. The conclusion must be in favor of inclusion as against exclusion. It must be fairly assumed that the Congress was aware that the War Department had uniformly by regulations and orders treated the reserve nurse as a constituent part of the Army Nurse Corps and bestowed rank and pay upon her when on active service in the same degree and rating as all other nurses within the Corps. Hearings No. 383 on H.R. 10375, Retirement of Disabled Nurses, March 13, 1930, House Committee on Naval Affairs, 1473-1496; Congressional Record, 7lst Congress, 2nd session, vol. 72, part 7, p. 6972, 6973, and part 9, p. 9165, 9166; Hearings No. 353 on H.R. 3798, Retirement of Navy Nurses, Feb. 28,1930, House Committee on Naval Affairs.
The defendant has referred to the Officers’ Reserve Corps under the National Defense Act as comparable to the case of reserve nurses. Suffice it to say that Reserve officers under that law were expressly excluded from retirement and retired pay. Act June 3, 1916, 39 Stat. 166, 194. The inference is *290 that without that express exclusion the door would have been open to their inclusion.
The plaintiff is entitled to recover. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.